**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1391**

---

FREDIS RUBEN ORTEZ REYES,

        Plaintiff - Appellant,

     v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, in her official capacity as Director of United States Citizenship and Immigration Services; TED H. KIM, in his official capacity as the Associate Director of Refugee, Asylum, and International Operations Directorate of USCIS; KIMBERLY ZANOTTI, in her official capacity as the Director of the USCIS Washington Field Office,

        Defendants – Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:24-cv-00711-RDA-IDD)

---

Argued:  December 11, 2025                      Decided:  March 5, 2026

---

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

---

Reversed and remanded by published opinion.  Judge Gregory wrote the opinion, in which Judge Quattlebaum and Judge Berner joined.

---

**ARGUED:**  Joseph David Moravec, BLESSINGER LEGAL, PLLC, Falls Church, Virginia, for Appellant.  Christian James Cooper, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.  **ON BRIEF:**  Eileen P. Blessinger, Jessica A. Dawgert, BLESSINGER LEGAL, PLLC, Falls Church, Virginia, for Appellant.

Erik S. Siebert, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

_____

GREGORY, Circuit Judge:

This case raises the jurisdictional question of whether courts have authority to review the decision of an immigration judge that is based exclusively on a matter of statutory interpretation. This question is not new. In accordance with our past holdings and the holdings of the Supreme Court, we hold that courts do retain this authority.

## I.

Plaintiff Fredis Ortez Reyes is a native of Honduras and an asylee in the United States. He is married to Gloria Magaly Estrada Moreno ("Ms. Estrada") and has been married since January 28, 2005. Ms. Estrada had previously been removed from the United States when she was seized after crossing the border in 2014. In 2020, Ms. Estrada returned to the United States with her husband, who sought asylum. Ms. Estrada was ineligible to seek asylum herself because of her previous removal. She did seek withholding of removal and protection under the Convention Against Torture. In January 2020, an immigration judge granted Mr. Ortez asylum but denied Ms. Estrada's request for withholding of removal, which requires the applicant to meet a higher burden to show a fear of future persecution. Ms. Estrada's appeal of that decision is now before the Board of Immigration Appeals.

In the meantime, Ms. Estrada's husband filed a Form I-730 petition for Ms. Estrada to receive derivative asylee status under 8 U.S.C. § 1158(b)(3)(A). On July 25, 2023, United States Citizenship and Immigration Services ("USCIS") denied the I-730 petition on the basis that Section 241(a)(5) of the Immigration and Nationality Act ("INA"), or 8 U.S.C. § 1231(a)(5) ("Section 1231(a)(5)"), bars any form of relief for noncitizens who

have prior orders of removal, such as Ms. Estrada.  The USCIS decision treats Section 1231(a)(5) as the dispositive and exclusive reason for its denial of the I-730 petition.

Ms. Estrada's husband challenged USCIS's decision in federal district court.  He contends that the USCIS was incorrect to apply Section 1231(a)(5) when making its eligibility determination on the I-730 petition, which is governed separately by 8 U.S.C. § 1158(b)(3)(A).

The District Court did not reach the merits of the complaint, instead dismissing it on jurisdictional grounds.  Specifically, the District Court recognized that the INA provides that "no court shall have jurisdiction to review" any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).  Because the statutory language governing I-730 petitions does give USCIS the discretion to deny or approve such applications, the District Court determined that the USCIS's I-730 denial was an exercise of discretion which federal courts lack authority to review.

Ms. Estrada's husband now appeals the jurisdictional issue.  The question before this Court is whether the USCIS's decision to apply Section 1231(a)(5) to a petition raised under Section 1158(b)(3)(A) is an exercise of discretion that falls beyond the review of the court.  Per longstanding precedent, it is not.

4

## II.

The INA strips federal courts of jurisdiction to review "any judgment regarding the granting of relief under" an enumerated list of types of relief. 8. U.S.C. § 1252(a)(2)(B)(i). The Supreme Court has interpreted Section 1252(a)(2)(B)(i) to "preclude[] judicial review of factual findings that underlie a denial of discretionary relief—including when those findings are 'threshold requirements established by Congress' to access the relevant discretion." *Bouarfa v. Mayorkas*, 604 U.S. 6, 18–19 (2024) (quoting *Patel v. Garland*, 596 U.S. 328, 332 (2022)). We applied this reasoning in *Shaiban v. Jaddou* to hold that Section 1252(a)(2)(B)(ii), which strips federal courts of jurisdiction to review "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security," similarly precludes judicial review of factual findings underlying decisions to grant or deny discretionary relief. *See* 97 F.4th 263, 267 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1046 (2025) (discussing *Patel*, 596 U.S. 328).

We are now tasked with deciding whether Section 1252(a)(2)(B)(ii) precludes judicial review of a decision to deny discretionary relief where the decision was based solely on the USCIS's interpretation of the INA. We hold that it does not. Pure decisions of law, such as the one at issue here, fall outside of the scope of Section 1252(a)(2)(B)(ii)'s command.

In determining whether jurisdiction properly lies, we must "look at the *particular* decision being made and [] ascertain whether *that* decision is one that Congress has designated to be discretionary." *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d

5

1137, 1143 (11th Cir. 2009). Although Section 1158(b)(3)(A) confers discretion to USCIS to approve or deny I-730 petitions, *see Lin v. Heffron*, No. 22-1380, 2023 WL 566343 (4th Cir. Jan. 27, 2023), in this case the USCIS's decision was not an exercise of that discretion but exclusively a matter of statutory interpretation. There was no consideration of Ms. Estrada and her husband's unique circumstances, nor the application of the Section 1158(b)(3)(A) guidelines and standards. Rather, USCIS had determined, without discussion, that Section 1158(b)(3)(A) should be interpreted to incorporate the prohibitions of Section 1231(a)(5). For this reason alone, USCIS denied the I-730 petition.

USCIS contends that this case should be treated akin to *Shaiban v. Jaddou*, where we held that a threshold eligibility determination was within the discretionary authority conferred by Section 1159(b) and thus fell within the scope of Section 1252(a)(2)(B)(ii) jurisdiction stripping. 97 F.4th at 268. But *Shaiban* does not govern the question here. In *Shaiban*, USCIS was determining whether the petitioner had engaged in terrorist activity as a threshold eligibility issue for refugee status readjustment under Section 1159(b). Although this determination involved a question of law regarding collateral estoppel, this was ultimately a factual inquiry made under the explicit discretion that USCIS held to determine eligibility. *Id.* at 268 ("USCIS under § 1159(b) applied a fact-bound estoppel determination, which was subject to the overarching discretionary determination."). As *Shaiban* recognized, such fact-bound inquiries are distinct from inherently legal questions about the applicability of statutes. *See id.*

The issue here is a pure legal question of statutory construction: whether Section 1158(b)(3)(A) should be interpreted to incorporate the prohibitions of Section 1231(a)(5).

6

In this way, Ms. Estrada's husband does not challenge "*how* the agency exercised its discretion" but rather USCIS's interpretation of the INA itself. *See Shaiban*, 97 F.4th at 268 (citing *Moore v. Frazier*, 941 F.3d 717, 724 n.6 (4th Cir. 2019)). Such a challenge to the agency's statutory interpretation "is entirely separate from other discretionary decisions and involves a question of USCIS's statutory authority" that falls outside the scope of Section 1252(a)(2)(B)(ii) jurisdiction stripping. *Id.* (contrasting *Moore*, 941 F.3d 717); *see Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (explaining that Section 1252(a)(2)(B)(ii) strips courts of jurisdiction only to review "the Attorney General's exercise of discretion" and not "the extent of the Attorney General's authority" which "is not a matter of discretion").

We hold that the district court had jurisdiction to review USCIS's decision to deny derivative asylum under Section 1158(b)(3)(A) because the agency's decision was not an exercise of discretion but rather turned on a legal interpretation of the statute. As both parties requested at oral argument, we remand this case to the District Court to address the merits of that question.

*REVERSED AND REMANDED*